UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HALIMA HAMADI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 2:16-cv-01356-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On September 16, 2012 plaintiff filed an application for supplemental security income, alleging disability as of June 1, 2011. *See* Dkt. 10, Administrative Record ("AR") 20. Her application was denied upon initial administrative review on February 21, 2013, and on reconsideration on April 25, 2013. *See id.* A hearing was held before an administrative law judge

ORDER - 1

("ALJ") on October 1, 2014, at which plaintiff, represented by counsel, appeared and testified, as did William H. Weiss, an impartial vocational expert. *See* AR 20-60.

In a decision dated February 4, 2015, the ALJ determined plaintiff to be not disabled. *See* AR 20-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 30, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481. On September 2, 2016, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 4. The administrative record was filed with the Court on November 14, 2016. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred:

(1) in evaluating the medical evidence from Paresi Kahirimbanyi, M.D., and Richard Peterson;

(2) in failing to conduct a proper step three analysis;

(3) in discounting plaintiff's credibility; and

(4) in failing to meet her step five burden.

For the reasons set forth below, the Court agrees the ALJ erred in assigning minimal weight to Dr. Kahirimbanyi and Dr. Peterson's medical opinions and in discounting plaintiff's credibility. Because of those errors, the ALJ erred as well in assessing plaintiff's RFC and in finding she could perform other jobs. However, the Court finds reversal and remand for further administrative proceedings, rather than an award for benefits, on this basis is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the

ORDER - 2

Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I. **The ALJ's Evaluation of the Medical Evidence in the Record**

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by

ORDER - 3

setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). It is insufficient for an ALJ to reject the opinion of a treating or examining physician by merely stating, without more, that there is a lack of objective medical findings in the record to support that opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

ORDER - 4

### A. Dr. Kahirimbanyi

"An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). "[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."*Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Thus, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)). Further, when an ALJ seeks to discredit a medical opinion, he must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)) .

Plaintiff's treating physician, Peresi Kahirimbanyi, MD has provided several written opinions (AR. 311, 639, 640, 641,642, 791-792), and countless supporting medical records documenting her conditions, symptoms and treatment since August 18, 2011 (AR. 644-792). Based on his treatment and observations of plaintiff, Dr. Kahirimbanyi opined that if plaintiff attempted to work a 40-hour per week schedule, it is more probable than not that she would miss four or more days of work per month due to medical impairments including multiple sclerosis and supraventricular tachycardia. AR. 791-92. He further opined that plaintiff tires easily and

gets short of breath even with mild activity and currently cannot manage daily tasks such as caring for herself and her children. AR. 639.

The ALJ afforded Dr. Kahirmbanyi's opinion little weight based on her finding that Dr. Kahirimbanyi did not indicate what objective evidence he relied upon in rendering his opinion regarding plaintiff's lower extremity pain. AR. 30. The ALJ further took issue with the fact that Dr. Kahirimbanyi relied on plaintiff's discredited subjective allegations. Plaintiff contends the ALJ erred because Dr. Kahirimbanyi did rely on objective findings in rendering his opinion and because it was improper for the ALJ to reject his entire opinion based on one unsupported symptom. The Court agrees.

First, the Court notes that the ALJ's treatment of Dr. Kahirimbanyi's records suggests improper "cherry-picking" of aspects of the record that support the ALJ's decision, while failing to develop the record on aspects of the record that support a finding of disabling limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment")(citations omitted). Here, while the ALJ found Dr. Kahirimbanyi's records did not reveal evidence supportive of his opinions regarding plaintiff'lower extremity pain, she failed to appreciate or discuss fully his conclusions and objective findings regarding plaintiff's other, chief complaints.

For example, the ALJ failed to address Dr. Kahirimbanyi's opinions regarding plaintiff's multiple sclerosis or supraventricular tachycardia diagnosis and the limitations associated therewith. *See* AR. 791-792. In doing so, the ALJ failed to acknowledge the objective evidence supporting these opinions, including MRI and neurological assessments leading to plaintiff's

ORDER - 6

multiple sclerosis diagnosis, and holter monitor testing demonstrating multiple episodes of supra ventricular tachycardia and some episodes of bradycardia. *See* AR. 381, 513, 523, 525-527, 785. The ALJ further failed to acknowledge or appreciate that Dr. Kahirimbanyi's opinions are supported by three years of his treatment notes containing evidence of his repeated physical examinations and observations of plaintiff, his review of plaintiff's medical history and test results, and interaction and collaboration with various other medical providers and specialists with regard to plaintiff's conditions. AR. 542-598 638-790. Instead, the ALJ simply ignored the remainder of Dr. Kahirimbanyi's opinions concerning her other impairments that is supported by objective evidence, and instead focused solely on whether the record supported Dr. Kahirimbanyi's opinion regarding plaintiff's lower extremity pain. This was in error, as much of this ignored evidence appears to be substantially supportive of Dr. Kahirimbanyi's opinions regarding plaintiff's limitations. *See id.* The ALJ therefore failed to properly discount Dr. Kahirimbanyi's opinion by not providing a specific and legitimate reason for doing so.

**B.     Dr. Peterson**

As the Ninth Circuit has held:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-422, (9th Cir.1988)(referencing *Delgado v. Heckler*, 722 F.2d 570, 574 (9th Cir. 1983) (finding that the ultimate conclusions of physicians must be given substantial weight and cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail).

Dr. Richard Peterson, Ph.D conducted a psychological assement of plaintiff on

ORDER - 7

August 14, 2014 and August 27, 2014. AR. 607. Based on his examination, observations and clinical diagnostic interview of plaintiff, Dr. Peterson opined,

> Ms. Hamadi is so debilitated by multiple sclerosis, which was only recently diagnosed, that she cannot perform household chores, take care of her daily needs without assistance, walk without support or remain awake. Multiple sclerosis has resulted in profound cognitive difficulty, including difficulty understanding what others say, communicating her needs and wants, planning and organizing her life, making decisions, forming new memories and recalling old information (DSM IV-R 293.9). Additionally multiple sclerosis has damaged her vision and hearing, causing a significant problems (sic) with perception. The disorder has led to profound depression (DSM IV-R 296.23) manifested by somnolence, apathy, fatigue, lack of concentration and hopelessness about her future. Her fatigue and lack of stamina are so pronounced that she cannot attend to instructions or perform tasks for long. The ultimate result of her impaired cognition, perception, memory, and other cognitive skills is so great that she is totally unable to participate in any learning environment, study material, commit new material to memory, or recall information she once learned.

AR. 611.

The ALJ dismissed Dr. Peterson's assessment on the basis that his opinions were "unsupported by neuropsychological test results and inconsistent with the documented examination findings within the claimant's treatment records." AR. 30. The ALJ further found that plaintiff's medical records revealed "no evidence" supporting Dr. Peterson's conclusions regarding plaintiff's limitations. *Id*. Plaintiff contends the ALJ's rejection of Dr. Peterson's opinion is not supported by substantial evidence. The Court agrees.

In outright dismissing Dr. Peterson's opinion, the ALJ failed to set forth and properly support a specific and legitimate reason for doing so. Instead, the ALJ merely stated in conclusory fashion that Dr. Peterson's opinion was inconsistent with plaintiff's test results and medical records, and his findings were devoid of any further explanation identifying those other records or medical evidence upon which he relied to so find.

ORDER - 8

Rather, a review of plaintiff's medical records as a whole indicate that Dr. Peterson's opinion is supported not only by his own objective findings, but by test results, observations, and objective findings from other medical providers. First, the objective medical evidence supports the existence of a diagnosis of multiple sclerosis. AR. 513, 525-527 (finding plaintiff's abnormal MRI was due to a small vessel ischemic disease or a demyelinating disease such as multiple sclerosis); AR. 796-801 (assessing plaintiff for multiple scleorsis and migranes following lumbar puncture for cerebrospinal fluid analysis and abnormal MRI).

Second, Dr. Peterson's findings are largely consistent with those of Thomas Genthe, Ph.D., and Dr. Kahirimbanyi. For example, in February 2013, prior to plaintiff's diagnosis with multiple sclerosis, Dr. Genth observed that plaintiff presented with psychomotor retardation, lethargy, and fatigue. AR. 327. He also noted that plaintiff was unresponsive, uncooperative, and that her memory for visual details and spatial locations was in the "Extremely Low" range. AR. 327, 329-330. These observations are largely consistent with those of Dr. Peterson, who noted plaintiff was unable to stay awake, had difficulty with perception, memory, and cognition. AR. 611. They are further consistent with those of Dr. Kahirimbanyi. *See* AR. 611 (noting plaintiff was somnolent, could hardly speak, was confused, could not stay awake or in an upright posture, and was not functioning well); AR. 791 (indicating plaintiff suffers from headaches and fatigue requiring her lay down); *see also supra* Section A. Accordingly, the ALJ's rejection of Dr. Peterson's opinion is not supported by sufficient evidence in the record.

## II. The ALJ's Assessment of Plaintiff's Credibility

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ must provide specific, clear and convincing reasons for finding the claimant's

testimony to be not credible supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). In addition, the ALJ's "findings, properly supported by the record, must be sufficiently specific to allow" the Court to conclude the ALJ "rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony.'" *Id.* at 345-46 (citation omitted). While an ALJ may find testimony not credible in part or in whole, she "may not disregard it solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Administration*, 466 F.3d 880 (9th Cir. 2006); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001)(citing *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).

Here, the ALJ found three reasons for discounting plaintiff's credibility: 1) the plaintiff's receipt of unemployment benefits is inconsistent with plaintiff's allegations; 2) the objective medical evidence fails to fully support plaintiff's claims; and 3) plaintiff's overall treatment history fails to support her claims. Plaintiff argues these are not specific, clear, and convincing reasons for finding her not fully credible. The Court agrees.

First, with respect to plaintiff's receipt of unemployment benefits, the ALJ noted that plaintiff reportedly received such benefits in the 4th quarter of 2011, and the 2nd and 3rd quarter of 2012. *See* AR. 23, 198. Based on this evidence, the ALJ found that plaintiff held herself out as being able to perform full-time work, and that her receipt of unemployment benefits was inconsistent with her statements regarding her inabilities and limitations in the workplace.

ORDER - 10

AR.28. However, where the record "does not establish whether [the claimant] held herself out as available for full-time or part-time work," such a "basis for the ALJ's credibility finding is not supported by substantial evidence," as "[o]nly the former is inconsistent with his disability allegations." *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). Here, the ALJ failed to cite to any affirmative evidence in the record showing plaintiff certified, or otherwise indicated that she was actually able to work full-time while in pursuit of unemployment benefits. *See* AR 28-29. In fact, the record is devoid of any evidence of plaintiff's application or other supporting statements or testimony that would indicate she in fact held herself out as being able to work full-time. *Id*. Without such support, this is not a valid reason to discount plaintiff's credibility.

In regard to the objective medical evidence, the ALJ found that it and plaintiff's treatment history failed to fully support plaintiff's claims. AR. 27 (citing AR 277-310, 312-321, 378-396, 405-468, 469-541, 542-598, 599-604, 793-804); AR. 26-27. Specifically, the ALJ found that plaintiff's medical records were devoid of "objective (e.g. radiographic, lab results, etc.) or examination findings to support [plaintiff's alleged] symptoms," and that prior to January 2014, they were devoid of her complaints of persistent symptoms related to multiple scleorsis. *Id*. While the ALJ acknowledged the existence of ECG, Holter monitor, exhocardiograms, and other objective results contained in plaintiff's treatment records, she ultimately disregarded them because they "do not establish the severity of plaintiff's condition." AR. 27. Despite the ALJ's blanket string citation, however, the ALJ failed to acknowledge other evidence supportive of plaintiff's claim, including her January 2014 MRI and neurological assessments leading to the multiple sclerosis diagnosis. *See supra* Section I; *see also* AR. 513, 525-527, 796-801.

ORDER - 11

Lastly, in terms of treatment records, contrary to the ALJ's statement that plaintiff's medical records fail to document her complaints of persistent symptoms reasonably related to multiple scleorsis including fatigure and headaches, records from various care providers do demonstrate she reported such symptoms throughout 2013. *See* AR. 325-6 (reporting feeling "dizzy in [her] head, like [she was] fainting," "feel[ing[ shaky," and being unable to walk); AR. 439 (noting that "somedays [plaintiff] cannot even get out of bed); AR. 476 (noting that plaintiff complained of fatigue); AR. 488 (indicating plaintiff "face[d] pain and headaches and feels tired and run down."). While plaintiff may have reported some symptoms more than others at times during her lengthy medical treatment history, the record shows she reported all of her symptoms consistently over time. The ALJ failed to recognize or appreciate that plaintiff's conditions other than her multiple sclerosis required focused care to resolve certain, more urgent symptoms (such as those associated with supraventricular tachycardia), prior to resolving those underlying or developing health issues and symptoms associated with her multiple sclerosis. *See* AR. 381, 523, 567, 759, 785-7. This too, therefore, is not a clear and convincing reason to discount plaintiff's contentions.

### III. <u>Whether the ALJ failed to meet her step five burden</u>

Plaintiff contends the ALJ failed to meet her step five burden to identify specific jobs consistent with the claimant's functional limitations because the voacational expert was without a complete hypothetical question. Dkt. 12, p. 19. The Court agrees.

When an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) ("the ALJ's disregard for Dr.

ORDER - 12

Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (citing 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). Furthermore, when the RFC is incomplete and where, as in this case, the hypothetical question presented to the vocational expert is based on that RFC, the vocational expert's testimony in response to that question relied necessarily also is incomplete, and therefore the ALJ's reliance thereon is improper. *See id.* at 1162.

Here, the ALJ found that plaintiff was limited to light, semi-skilled work with additional exertional, postural, and environmental restrictions. AR. 30. The ALJ reached this RFC after incorrectly discounting significant and probative evidence from medical providers and plaintiff. *Id.*, *see supra*, Sections I-II. Without properly considering this evidence, the RFC was incomplete. Moreover, because of the erroneous RFC finding, the vocational expert's testimony and the ALJ's step five determination also is not supported by substantial evidence. On remand, after fully considering testimony from plaintiff and the evidence from her medical providers, the ALJ should revaluate plaintiff's RFC and her ability to perform other jobs existing in significant numbers in the national economy.

**IV.** **This Matter Should Be Remanded for Further Administrative Proceedings**

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain with regard to the medical evidence in the record concerning plaintiff's impairments, as well as plaintiff's credibility, RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 18th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 14